[Civ. No. 2216.   Third Appellate District.—October 16, 1920.]

CLARENCE SIMPSON et al., Appellants, v. MOHAM-
MAD HOSIN, Respondent.

[1] PLACE OF TRIAL—MOTION FOR CHANGE—RESIDENCE—SUFFICIENCY
OF AFFIDAVIT.—It is not necessary under section 395 of the Code
of Civil Procedure that the affidavit, on a motion for change of
place of trial to the county of which the defendant is a resident,
show affirmatively that the defendant is *not* a resident of the
county in which the action is brought, it being sufficient to show
that he is a resident of the county to which he desires the action
removed.

[2] ID.—AFFIDAVIT OF MERITS—SUFFICIENCY OF—REJECTION OF SUR-
PLUSAGE.—In an affidavit of merits, on a motion for change of
place of trial, reading in part as follows: "I have   employed
and retained J. E. Ebert . . . as my attorney and counsel in said
action . . . that I have fully and fairly stated all the facts of
the case in said action, and that I have fully and fairly ·stated
the case in this action to my said attorney and counsel *and* said
J. E. Ebert and under such statement I am advised by my said
attorney and counsel, and I verily believe I have a good and
substantial defense on the merits to said action," the use of the
word·"and" after the words "attorney and counsel" is manifestly
a ·scrivener's mistake and the court may reject it as surplusage;
but even as such affidavit is written there exists no ambiguity,
and it is sufficient as an affidavit of· merits.

·APPEAL from an order of the Superior Court of San
Joaquin County changing the place of trial.   D. M. Young,
Judge.   Affirmed.

The facts are stated in the opinion of the court.

A. H. Carpenter for Appellants.

J. E. Ebert for Respondent.

PREWETT, P. J., *pro tem.*—This is an unusually frivo-
lous appeal.   The defendant, on motion, procured an order
changing the place of trial from the county of San Joaquin
to the county of Yuba, on the ground that he resides in the
latter county.   The appellants appeal from this order.   The
record is utterly barren of debatable questions.   Only two
points are made by the appellants.

**[1]** (1) It is claimed that the affidavit does not show affirmatively that the defendant was *not* a resident of the county of San Joaquin. But the code does not require this negative showing. Section 395 of the Code of Civil Procedure provides that an action must be tried in the county in which the defendant resides at the commencement of the action. The moving party in his affidavit states: "At the time of the commencement of the action I did reside, and do now reside and continuously for more than three years immediately last past, I have resided in the County of Yuba, etc." Certain authorities are cited by the appellants; but these authorities are not in point; in fact, they have no application to the case of a sole defendant.

**[2]** (2) Objection is made that the affidavit of merits does not state that the defendant was advised by his counsel that he had a good defense to the action on the merits. The portions of the affidavit of the defendant material to this point are as follows: "I have employed and retained J. E. Ebert . . . as my attorney and counsel in said action . . . that I have fully and fairly stated all the facts of the case in said action, and that I have fully and fairly stated the case in this action to my said attorney and counsel *and* said J. E. Ebert and under such statement I am advised by my said attorney and counsel, and I verily believe I have a good and substantial defense on the merits to said action." The use of the word "and" following the words "attorney and counsel" is manifestly a mere scrivener's mistake. The court may reject this word as surplusage; but even as the affidavit is written there exists no ambiguity. The affiant states that he has stated the facts of the case to *said* attorney and counsel and that he is advised by *said* attorney and counsel, etc.

The order is affirmed, with one hundred dollars damages for a frivolous appeal.

Burnett, J., and Hart, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on December 13, 1920.

All the Justices concurred.