[S. F. No. 12155. Department Two.—January 24, 1928.]

RUTH STONE, Respondent, v. P. L. EVERTS et al., Appellants.

L. W. Young and Sullivan & Sullivan and Theo. J. Roche for Appellants.

Barry J. Colding and Theodore Hale for Respondent.

LANGDON, J.—This is an appeal by the defendants from an order denying their motion for change of place of trial from the superior court of the state of California, in and for the city and county of San Francisco, to the superior court of the state of California, in and for the county of Fresno.

The plaintiff brought an action against the defendants upon an assigned claim of Messrs. Colding and Hale, to recover the reasonable value of legal services, alleged to have been rendered to defendants at their special instance and request. At the time of pleading by way of general demurrer defendants gave due and proper notice of motion for change of place of trial and also served and filed an affidavit of merits executed by the defendant Conway, not only on his own behalf, but on behalf and at the request

of the other defendants, and included in said affidavit the following allegations regarding the residence of the defendants:

"Affiant further states that he was at the time of the commencement of this action and now is, a resident of the County of Fresno, State of California, and also that he has a personal acquaintanceship with each of the remaining above named defendants, and has personal and direct knowledge of the residence of each of the remaining above named defendants at the time of the commencement of this action, and that by reason of his acquaintanceship and his personal knowledge, he avers that all of the remaining above named defendants were at the time of the' commencement of this action and ever since have been and now are residents of the County of Fresno, State of California."

The trial court denied the said motion as to all the defendants except D. F. Conway, and from this order the appeal is taken. Respondent seeks to justify the order upon the sole ground that the affidavit of D. F. Conway as to the residence of the other defendants was insufficient. ▮ It is admitted that one defendant may make such an affidavit upon behalf of the others, but the contention is made that the foregoing language is insufficient to allege that the city and county of San Francisco is not the residence of the defendants. From the allegation "that all of the remaining above named defendants were at the time of the commencement of this action and ever since have been and now are residents of the county of Fresno, State of California," it must necessarily follow that said defendants are not residents of the city and county of San Francisco. Furthermore, the case of *Simpson* v. *Hosin*, 49 Cal. App. 585 [193 Pac. 867], is authority upon the point that it is not necessary to make a negative showing that a defendant is not a resident of the county where the action is brought. The court in the last cited case said: "But the code does not require this negative showing. Section 395 of the Code of Civil Procedure provides that an action must be tried in the county in which the defendant resides at the commencement of the action."

It is also to be observed that no counter-affidavits were filed by plaintiff and the facts alleged in the affidavit of defendant Conway stand uncontradicted in the record.

As the action was a personal one and the affidavit showed that all the defendants resided in the county of Fresno, their motion for a change of the place of trial to that county should have been granted.

The order appealed from is reversed, with directions to the trial court to grant the motion for a change of the place of trial as to all the defendants.

Richards, J., and Shenk, J., concurred.