[Civ. No. 24914. Second Dist., Div. Three. May 11, 1961.]

JOHN FLETCHER et al., Appellants, v. NORDESTA HOMES, INC., et al., Respondents.

34

Ralph E. McCarthy for Appellants.

Miller, Vandergrift, Middleton & Sackin and Thomas J. Middleton for Respondents.

NOURSE, J. pro tem.*—Appellants appeal from an order granting defendants' motion changing the place of trial of the action from the county of Ventura where the action was commenced to the county of Los Angeles. Appellants attack the order on two grounds:

First, that the action was local in character and that under the provisions of article VI, section 5, of the Constitution of this state and the provisions of section 392, Code of Civil Procedure, Ventura County is the proper county for the place of the trial of the action.

They base this contention upon the fact that in the prayer of their complaint they seek that any amounts awarded them as damages be declared a lien upon the real property described in the complaint. This contention cannot be sustained. [█ There being but one cause of action stated, the character of the action, i.e., as to whether it is local or transitory is to be determined by what is the main relief sought by the plaintiffs or, in other words, what is the principal object of the action. (*Smith* v. *Smith*, 88 Cal. 572 [26 P. 356]; *Grocers' etc. Union* v. *Kern County Land Co.*, 150 Cal. 466 [89 P. 120]; Chadbourn, Grossman and Van Alstyne, California Pleading, vol. 1, §§ 375-380.) This must be determined from the complaint alone. (*Peiser* v. *Mettler*, 50 Cal.2d 594, 603 [328 P.2d 953, 74 A.L.R.2d 1]; *Sam Finman, Inc.* v. *Rokuz Holding Corp.*, 130 Cal.App.2d 758, 759-760 [279 P.2d 982]; Chadbourn, Grossman and Van Alstyne, California Pleading, vol. 1, § 233.) ██ If the complaint shows that the principal relief sought involves recovery of the possession of, the title to real property, or any estate or right or interest therein, or the enforcement of a lien thereon or an injury thereto, the action is to be deemed local in character and a trial may only be held in the county where the real property is situated even though the plaintiff may, as an incident to his cause of action as to the real property, ask for relief which, if sought alone would be transitory in character. ██ If, however, the principal relief sought is transitory in character then the defendant is entitled to have the case tried in the county of his residence, even though as an incident to the personal judgment which plaintiff seeks, he may ask relief which affects the

---

*Assigned by Chairman of Judicial Council.

title to or an interest in real property situated outside of the county in which he resides. (*Smith* v. *Smith, supra,* 88 Cal. 572; *Grocers' etc. Union* v. *Kern County Land Co., supra,* 150 Cal. 466; *Howe* v. *Tucker,* 219 Cal. 193 [25 P.2d 832]; *Neet* v. *Holmes,* 19 Cal.2d 605, 611 [122 P.2d 557]; *Beutke* v. *American Securities Co.,* 132 Cal.App.2d 354 [282 P.2d 201].)

The complaint here alleges in substance that the plaintiffs entered into a contract to purchase from defendants certain real property in the county of Ventura; that the defendants had, before entering into this contract, failed to file with the real estate commissioner a copy of that form of contract (see Bus. & Prof. Code, § 11010); that by reason thereof said contract was unlawful (see Bus. & Prof. Code, § 11020; *Murphy* v. *San Gabriel Mfg. Co.,* 99 Cal.App.2d 365, 368-369 [222 P.2d 85]); that they had paid to the defendants certain monies on part of the contract price and further sums on account of insurance and taxes. (There are allegations of other special damages which are unimportant for the purposes of this decision.) By the prayer of the complaint plaintiffs sought to recover judgment for the amount of their damages plus interest. They further sought to have the amount for which they might be awarded judgment declared a lien against the real property and that the defendants be restrained from attempting to enforce the contract of purchase.

It is clear that the action is one to recover a money judgment against each of the defendants and that the action does not involve any question of the right to possession of the real property in question, the title to the real property, or any injury thereto. Nor is it one to enforce an existing lien against real property. The prayer that the court award plaintiffs a lien as security for the money judgment is but an incident to the cause of action stated.[1]

We hold therefore, that this action is not local in character but is transitory.[2]

Appellants' second contention is that the affidavit filed by respondents in support of the motion for change of venue is

---

[1]The action being one at law to recover a money judgment, it may be doubted that the court could grant plaintiffs a lien but, in any event, that would be a matter of discretion in the trial court and not a matter of right in the plaintiffs.

[2]No question is raised here as to the place of performance of the implied contract (quasi contract) on which plaintiffs' right to receive a money judgment depends.

insufficient to prove that respondent McGinna was not a resident of Ventura County at the time of the commencement of the action. The affidavit was made by the respondent Bower. In it he states positively and not on information and belief that "all of the individual defendants, against whom a cause of action is sought to be stated, were at the commencement of this action, and now are, residents of the County of Los Angeles, in the State of California, and not residents of the County in which this action was commenced."

Appellants assert that an affidavit made by one party to the action as to the residence of the others must state the facts upon which the allegation in the affidavit is made by him. [██] Where the question of residence is contested it may be that averments such as this would not be sufficient to uphold a finding of residence as against positive assertions of facts shown in counteraffidavits. Such an affidavit, however, is prima facie proof of the fact in the absence of any denial or contrary proof whatsoever. (*Brown* v. *Happy Valley Fruit Growers, Inc.*, 206 Cal. 515, 520 [274 P. 977] ; *Stone* v. *Everts*, 203 Cal. 197 [263 P. 236].) In the present case the only showing made by counteraffidavit was that Mrs. McGinna had, some two years prior to the hearing on the motion for change of venue, given, in one of the contracts relative to the purchase of the property in question, an address in Ventura County as that of herself and the corporation. The fact that McGinna was a resident of Los Angeles County as set forth in the affidavit of Bower is not controverted.

██ Further, it appears from the record here that appellants did not make any contention before the trial court that the affidavit as to residence was insufficient or that McGinna was a resident of Ventura County. If that point had been raised in the trial court the defendants could have supplied the deficiency in the affidavit by further proof. (*Gardner* v. *Steadman*, 31 Cal.App. 447, 449 [160 P. 834].) Having failed to raise it in the trial court, appellants may not raise it here.

The order is affirmed.

Shinn, P. J., and Vallée, J., concurred.