[Civ. No. 10626.   Third Dist.   Feb. 15, 1963.]

J. W. FIELDER, Petitioner v. THE SUPERIOR COURT OF SHASTA COUNTY, Respondent; DAVID ESSNER et al., Real Parties in Interest.

Carrico & Torkelson for Petitioner.

No appearance for Respondent.

Daniel S. Carlton for Real Parties in Interest.

SCHOTTKY, J.—An order to show cause issued from this court upon an application for a writ of mandate to command the Superior Court of Shasta County to grant petitioner's motion for change of venue to Solano County.

Petitioner was served with summons on October 3, 1962, at Dixon, Solano County, California, and filed a timely answer and cross-complaint naming David Essner and R. P. Chickering as cross-defendants. At that same time petitioner filed and served notice of motion for order for change of venue, declaration in support thereof, and points and authorities. Said declaration of J. W. Fielder stated in part: "I further declare that at the time of the commencement of this action I was and at all times subsequent thereto have been and now am a resident of the County of Solano, State of California, that of my own knowledge defendant Jerry Fielder was at all times hereinabove mentioned a resident of the County of Solano, State of California."

In addition, said declaration of petitioner stated the accident causing the injury in question occurred in the "County of Solano, State of California."

No counteraffidavits were filed by plaintiffs therein and no evidence was offered to show that any defendant was or had been a resident of Shasta County.

At the hearing on the motion for change of venue, questions were raised as to (1) whether the declaration of merits of J. W. Fielder was sufficient with respect to the residence of defendant Jerry Fielder, and (2) whether the filing of a cross-complaint by J. W. Fielder was a waiver to his right to a change in venue.

The court denied the motion for change of venue upon the ground of the "extremely unrealistic rule" stated in *O'Brien* v. *O'Brien,* 16 Cal.App.103 [116 P. 692], that the affidavit of a party other than the defendant himself is of no value as proof as to residence. The court also stated that section 396b of the Code of Civil Procedure provides for the motion to be made only at the time an answer or demurrer is filed, and that when the defendant in the instant case filed an answer and cross-complaint which requested affirmative relief, he submitted to the jurisdiction of the court and waived his right to a change of venue.

The court erred in denying petitioner's motion for change of venue. If an action is for personal injury or damage to personal property, the proper county is either the county where the injury occurs or the county in which the defendants or some of them reside at the commencement of the action. (Code Civ. Proc., § 395.) The affidavit of J. W. Fielder concerning the residence of Jerry Fielder stated that "of my own knowledge defendant Jerry Fielder was at all times hereinabove mentioned a resident of the County of Solano. . . ."

Although it is true that there are cases which hold that an affidavit of one codefendant concerning another is a conclusion of law and is of no value (*O'Brien* v. *O'Brien, supra*; *Johnston* v. *Benton,* 73 Cal.App. 565 [239 P. 60]), we are convinced that the holding of *Fletcher* v. *Nordesta Homes, Inc.,* 192 Cal. App.2d 33 [13 Cal.Rptr. 226], is applicable to the case at bench. ▆▆ The *Fletcher* case, relying on two early Supreme Court cases, held that an affidavit showing that all the defendants were residents of a particular county is prima facie proof of that fact in the absence of any denial or contrary proof whatsoever. (See also *Stone* v. *Everts,* 203 Cal. 197 [263

P. 236]; and *Brown* v. *Happy Valley Fruit Growers, Inc.,* 206 Cal. 515 [274 P. 977].) There is nothing in the record before this court to indicate that there was evidence before the lower court that Jerry Fielder was not a resident of Solano County. Respondent argues that the *Fletcher* case is not controlling because the sufficiency of the affidavit was not challenged at the trial level, but it is to be noted that the court there stated that if such question had been raised the defendants could have supplied the deficiency.

The court erred also in holding that petitioner waived his right to a change of venue. In *Goss* v. *Brown,* 64 Cal.App. 381 [221 P. 683], the court held that a defendant does not waive his right for change of venue when he has strictly complied with section 396b by filing an affidavit of merits and motion for change of venue at the time he answers, demurs or files a cross-complaint. In the case at bench petitioner had complied with the statutory provisions by filing on the same date the answer, cross-complaint and motion to change venue, as well as the affidavit of merits.

In view of the foregoing, we hold that the court erred in denying defendant's motion for a change of venue and that petitioner is entitled to a writ of mandate ordering the court to grant said motion.

Let the writ issue.

Pierce, P. J., and Friedman, J., concurred.