[No. C007061. Third Dist. May 31, 1990.]

MICHAEL McKINNLEY SCOTT, Plaintiff and Appellant, v. A. A. PIERCE, as Director, etc., Defendant and Respondent.

## COUNSEL

David W. Dratman for Plaintiff and Appellant.

John K. Van de Kamp, Attorney General, N. Eugene Hill, Assistant Attorney General, Cathy Christian and Ramon M. de la Guardia, Deputy Attorneys General, for Defendant and Respondent.

## OPINION

**PUGLIA, P. J.**—The Department of Motor Vehicles (DMV) revoked appellant's driver's license for two years for refusing to submit to an intoxication test. (Veh. Code, § 13353; hereafter section 13353.) In the administrative hearing the DMV relied upon the arresting officer's sworn statement pursuant to section 13353. Although the officer had been subpoenaed by DMV, he did not appear at the hearing. After exhausting his administrative remedies, the appellant sought review in the trial court by administrative mandamus. (Code Civ. Proc., § 1094.5.) Exercising its independent judgment, the trial court denied a peremptory writ. (*Berlinghieri* v. *Department of Motor Vehicles* (1983) 33 Cal.3d 392, 394 [188 Cal.Rptr. 891, 657 P.2d 383].)

On appeal, appellant contends chiefly that he had a right to rely upon the DMV subpoena of the arresting officer, and when the officer failed to appear at the hearing, the referee should have offered him a continuance to secure the officer's attendance. We decline to impose such a duty on the

hearing officer. Moreover, the appellant's failure to request a continuance is a waiver of that right.

The appellant relies upon four cases: *Burkhart* v. *Department of Motor Vehicles* (1981) 124 Cal.App.3d 99 [177 Cal.Rptr. 175]; *Mackler* v. *Alexis* (1982) 130 Cal.App.3d 44 [181 Cal.Rptr. 613]; *Hughes* v. *Alexis* (1985) 170 Cal.App.3d 800 [216 Cal.Rptr. 550]; and *Snelgrove* v. *Department of Motor Vehicles* (1987) 194 Cal.App.3d 1364 [240 Cal.Rptr. 281].

In *Burkhart, supra,* 124 Cal.App.3d 99, the court held that it is the licensee's burden to insure the arresting officer's attendance. (*Id.* at p. 110.) The court also held proper under section 13353 the admission of the officer's sworn statement despite the officer's absence and the fact that the licensee produced conflicting testimony. (*Id.* at pp. 108-112.) The court nonetheless remanded because the officer's absence was unexpected and the licensee might not have anticipated that the appellate court would place the burden on him of producing the officer's testimony. (*Id.* at p. 113.)

In *Mackler, supra,* 130 Cal.App.3d 44 the court held consistent with *Burkhart* that the officer's sworn statement was admissible and the absence of the officer did not deprive the licensee of due process. (*Id.* at pp. 55-56, 61.) The "licensee's due process rights to cross-examine the police officer who made the written sworn statement pursuant to section 13353 are adequately protected by his obvious entitlement to produce evidence controverting the statement at the hearing and, if he so chooses, he could call the arresting officer himself." (*Id.* at p. 61, fn. omitted.) Nevertheless, the court felt compelled, as did the court in *Burkhart*, to remand because the licensee had been led to believe that DMV would arrange for the officer to be present. (*Id.* at p. 63.)

In *Hughes, supra,* 170 Cal.App.3d 800, the court followed *Burkhart* and *Mackler*. (*Id.* at p. 811.) As in those cases, the officer, though subpoenaed by DMV, did not appear and the court remanded, concluding that fairness required the licensee be given an opportunity to subpoena the officer. (*Id.* at pp. 811-812.)

Finally, in *Snelgrove, supra,* 194 Cal.App.3d 1364, 1370-1376, the court concurred with *Burkhart* and *Mackler*, holding that "an officer's sworn statement under section 13353 can furnish sufficient evidence to support suspension at a formal hearing where the officer does not appear, the licensee offers contrary testimony and admission of the statement is objected to based on lack of the officer's appearance." (At p. 1369.) The court also held that when the arresting officer fails to appear, due process is satisfied where "the licensee who wants a chance to confront and cross-examine the officer

has every right to obtain a postponement and subp[o]ena the witness, at his or her own expense . . . . Snelgrove was offered that opportunity in this case but declined it . . . ." (*Id.* at page 1376.)

The four cases relied upon by the appellant all hold that it is the licensee's burden to produce the arresting officer's testimony. None holds that the referee on his own motion must offer the licensee an opportunity to secure the officer's attendance where the officer does not appear, although reasonably expected to do so. Although this in fact occurred in *Snelgrove, supra,* 194 Cal.App.3d at p. 1376, it is not mandated.

Although the appellate court in *Burkhart, supra,* 124 Cal.App.3d at page 113, remanded because the licensee might not have anticipated that the burden of producing the officer would be placed on him, the same cannot be said of a licensee today. In *Mackler, supra,* 130 Cal.App.3d at page 47, the administrative hearing was held March 11, 1980, over a year before the decision in *Burkhart.* Thus the licensee could not then have anticipated the burden would be placed on him to secure the officer's attendance. Without analysis or discussion, the court in *Hughes, supra,* 170 Cal.App.3d at pages 811-812, merely cited *Burkhart* and *Mackler* as authority for a remand.

To mandate that the referee offer the licensee a continuance to secure the attendance of a nonappearing officer whom the licensee had not subpoenaed but reasonably expected would appear would only encourage frivolous requests for continuances, ostensibly to obtain testimony but ulteriorly to delay in instances where it is not likely the testimony would alter the outcome of the case. As the court in *Burkhart, supra,* 124 Cal.App.3d at page 110 observed: "The physical presence of the officer at the hearing would not substantially enhance the reliability of the hearing process. The officer and the licensee would engage in a swearing match and cross-examination of the officer would seldom reveal any weaknesses in his testimony, simply because the issues are neither complex nor subtle."

Thus, if the licensee desires the testimony of the arresting officer, it is his burden to secure the officer's attendance. Even when the officer fails to appear after being served with a subpoena by DMV, or after the DMV has given less formal assurances to the licensee that the officer will be present, the licensee must ask for a continuance to secure the officer's attendance or any objection to his nonappearance is waived. There is no obligation upon the referee to offer the licensee a continuance. Furthermore, when a continuance is sought, its grant or denial is within the referee's discretion, the exercise of which will likely depend on whether the licensee reasonably relied upon the DMV's subpoena or assurances. (Veh. Code, § 14112; Gov.

Code § 11524; *Dresser* v. *Board of Medical Quality Assurance* (1982) 130 Cal.App.3d 506, 517-518 [181 Cal.Rptr. 797].)

The appellant asserts for the first time on appeal that it would have been futile to request a continuance. According to the appellant, when the referee informed counsel that the officer was not present and ordered the hearing to proceed, this was tantamount to the denial of a continuance, whether requested or not. The record does not support the appellant's contention. We cannot say it would have been an idle gesture to have requested a continuance.

The judgment is affirmed.

Carr, J., and Sims, J., concurred.