[No. A066184. First Dist., Div. Three. June 23, 1995.]

EDWARD DONALD MONAGHAN, JR., Plaintiff and Respondent, v. DEPARTMENT OF MOTOR VEHICLES, Defendant and Appellant.

## COUNSEL

Daniel E. Lungren, Attorney General, Henry G. Ullerich, Assistant Attorney General, William S. Clark and T. Michelle Laird, Deputy Attorneys General, for Defendant and Appellant.

J. Thomas Sherrod and Nancy Petersen for Plaintiff and Respondent.

## OPINION

CHIN, P. J.—The Department of Motor Vehicles (DMV) appeals from a judgment granting respondent Edward Donald Monaghan, Jr.'s, petition for writ of mandate, which sought to set aside the suspension of Monaghan's driving privilege for driving with an illegal blood-alcohol concentration (BAC). The judgment grants the writ without prejudice to the DMV's holding of an administrative hearing to review the suspension, but directs the DMV to produce for cross-examination at such a hearing the analyst who tested Monaghan's blood to determine its BAC. The DMV contends that the court erred in finding that the DMV improperly failed to produce the analyst at the hearing. We agree. Therefore, we reverse.

### FACTUAL AND PROCEDURAL BACKGROUND

On November 17, 1993, at 2:05 a.m., Officer K. Wright of the Fremont Police Department arrested Monaghan for driving under the influence of alcohol (Veh. Code, § 23152, subd. (a)).[1] According to the sworn report he submitted pursuant to section 23158.2, Wright stopped Monaghan at 1:58 a.m. on the 17th after observing him "driving in excess of 50 MPH in a posted 35 MPH zone, at night with no lights on." After the stop, Wright observed that Monaghan smelled of alcohol and had bloodshot/watery eyes and slurred speech. Monaghan refused to take field sobriety tests or answer questions about his alcohol consumption prior to the stop. The report also indicates that Monaghan submitted to and completed a blood test at 2:20 a.m. Subsequent testing of the blood sample showed a BAC of 0.23 percent.

After the arrest, Wright issued Monaghan an administrative per se order suspending his license, effective in 30 days. The order states that Wright was suspending Monaghan's license because Monaghan had "[c]ompleted a urine or blood test" that would show his BAC to be at least 0.08 percent. The order has an issue date of November 17, 1993, the same date as the arrest.

---

[1]Unless otherwise indicated, all further statutory references are to the Vehicle Code.

Monaghan subsequently requested a hearing regarding his suspension. By letter dated November 18, 1993, he demanded that the DMV provide him "with copies of all documents, affidavits or otherwise competent hearsay statements" that it intended to use at the hearing, "as well as the name and current address of the individual who conducted the blood test." The letter continued: "If it is the [DMV's] position that the statutory provisions of [sections 23158.2, 23158.5, 13558, subdivision (b), and 13353.2, subdivision (d)] satisfy the notice requirements of Government Code [s]ection 11514, no notice having been received by [Monaghan or his attorney] pursuant to Government Code [section 11514, subdivision (b)], the right of cross-examination guaranteed to [Monaghan] under Government Code [section 11500, subdivision (f)(2)] is hereby formally asserted and objection is hereby made to the use of any such affidavits or sworn statements in accordance with the provisions of Government Code [section 11514, subdivision (a)]." The letter closed by stating that Monaghan would be submitting at the hearing the affidavit of David Lewis, and enclosed a copy of the affidavit.

The hearing convened on December 14, 1993. The DMV produced no witnesses and relied solely on documentary evidence, including Wright's sworn statement, the suspension order, and a report from the Institute of Forensic Sciences showing the results of Monaghan's blood test. Monaghan objected to the sworn statement and the test report on the ground that the DMV failed to produce the authors of those documents for cross-examination despite his request. He further objected to the laboratory report on the ground that it was initialed rather than signed. After the hearing officer overruled these objections, David Lewis testified on Monaghan's behalf. Monaghan also offered Lewis's affidavit in support of his case. On December 17, 1993, the hearing officer issued a decision upholding the suspension.

Monaghan then filed a petition for writ of mandate in the superior court. Paragraph 14 of the petition noted that, by his November 18 letter, Monaghan had asked the DMV to produce for cross-examination at the hearing the authors of affidavits on which it intended to rely. The petition further alleged that the DMV's decision was an abuse of discretion because the evidence was insufficient to sustain the suspension. Primarily, the petition attacked on various grounds the adequacy of the laboratory report to show Monaghan's BAC.

The superior court began the hearing on the petition by explaining that Monaghan had "raised legitimate issues in terms of a request for an opportunity to cross-examine the witnesses for" the DMV. The DMV responded

that it did not remember Monaghan's raising that issue in his petition.[2] The court then referred the DMV to paragraph 14 of the petition. In response, the DMV argued that Monaghan had failed to follow the requisite subpoena procedures for securing the appearance of the witnesses in question for cross-examination at the hearing. The court responded that, in its view, Monaghan's November 18 letter was "at least satisfactory . . . to compel the [DMV] to do what was necessary to produce" the test analyst, "either subpoena or—or whatever."[3] The court further explained that, if the statutes required Monaghan to "effect the subpoena or make the request more specific," it would "require [in its order] that he comply with" those procedures. It directed the DMV to prepare an order reflecting the ruling.

The court subsequently signed a judgment finding that Monaghan had "properly requested the appearance of the blood alcohol analyst pursuant to Government Code section 11514 and that the DMV was thereby required to produce said analyst for cross-examination . . . ." The judgment then grants the writ "without prejudice to the DMV to hold a remand hearing, within sixty (60) days of the court's order . . . ." The judgment further directs the DMV to "produce for cross-examination at such hearing the alcohol analyst identified in the record," and provides that the writ will expire upon the DMV's rendering of a decision sustaining the suspension. The DMV then filed this timely appeal.

## DISCUSSION

In this appeal, we must determine whether the superior court erred in finding that Monaghan took sufficient steps to require the DMV to produce the test analyst for cross-examination at the administrative hearing. The relevant statutes generally provide that a driver may procure the attendance of witnesses by asking the DMV to issue subpoenas. Section 14104.5 states in relevant part: "Before a hearing has commenced, the [DMV], or the hearing officer . . . shall issue subpoenas . . . at the request of any party, for attendance . . . at the hearing. After the hearing has commenced, the [DMV], if it is hearing the case, or the hearing officer sitting alone . . . may

---

[2]Monaghan's superior court brief in support of his petition did not raise this issue. Given this fact and the petition's focus on other matters, it is not surprising that the DMV's opposition brief also did not address the question. Nevertheless, the DMV does not argue that Monaghan failed to raise the issue adequately.

[3]The court later explained: "I think [Monaghan] did what was necessary to compel the attendance of the technician and the technician didn't appear. And on that basis that he's entitled to a further hearing, essentially." The court found that, while Monaghan may not have made the request "absolutely correctly . . . there appeared to be substantial compliance with what was required to have the DMV produce this technician."

issue subpoenas . . . ." Similarly, Government Code section 11510, subdivision (a), provides in relevant part: "Before the hearing has commenced, the agency or the assigned administrative law judge shall issue subpoenas . . . at the request of any party for attendance . . . . Subpoenas . . . shall be issued in accordance with Sections 1985, 1985.1, 1985.2, and 1985.3 of the Code of Civil Procedure. After the hearing has commenced, the agency itself hearing a case or an administrative law judge sitting alone may issue subpoenas . . . ." ■ These statutes afford a licensee "an absolute right to compel" the attendance of witnesses "if he requests a [subpoena], has it served and pays the statutory fee. [Citations.]" (*Burkhart* v. *Department of Motor Vehicles* (1981) 124 Cal.App.3d 99, 110 [177 Cal.Rptr. 175].)

■ We agree with the DMV that Monaghan did not properly invoke these subpoena procedures. In his November 18 letter, Monaghan did not request issuance of subpoenas, or even refer to the statutes that authorize their issuance. Rather, after demanding production of "all documents, affidavits or otherwise competent hearsay statements" that the DMV intended to use at the hearing, the letter "asserted" Monaghan's general "right of cross-examination . . . under Government Code [section 11500, subdivision (f)(2)]" and objected "to the use of any such affidavits or sworn statements in accordance with the provisions of Government Code [section 11514, subdivision (a)]." Even if we could construe this letter as a request for issuance of subpoenas, Monaghan took no further steps to secure the attendance of the analyst after learning at the hearing that the analyst would not appear. Although he objected to introduction of the laboratory report, he did not ask the hearing officer to continue the hearing or issue a subpoena. "[I]f the licensee desires the testimony of [a witness], it is his burden to secure the [witness's] attendance. Even when the [witness] fails to appear after being served with a subpoena by [the] DMV, or after the DMV has given less formal assurances to the licensee that the [witness] will be present, the licensee must ask for a continuance to secure the [witness's] attendance or any objection to his nonappearance is waived." (*Scott* v. *Pierce* (1990) 221 Cal.App.3d 654, 657 [271 Cal.Rptr. 9]; see also *Nick* v. *Department of Motor Vehicles* (1993) 12 Cal.App.4th 1407, 1417 [16 Cal.Rptr.2d 305] [licensee must use due diligence in securing attendance of witnesses]; *Snelgrove* v. *Department of Motor Vehicles* (1987) 194 Cal.App.3d 1364, 1376 [240 Cal.Rptr. 281].) Thus, the superior court erred in granting the writ because the DMV failed to produce the analyst.

To support the judgment, Monaghan, as he did in his November 18 letter, cites Government Code section 11514, subdivision (a). That section provides in relevant part: "At any time 10 or more days prior to a hearing . . . , any

party may mail or deliver to the opposing party a copy of any affidavit which he proposes to introduce in evidence . . . . Unless the opposing party, within seven days after such mailing or delivery, mails or delivers to the proponent a request to cross-examine an affiant, his right to cross-examine such affiant is waived and the affidavit, if introduced in evidence, shall be given the same effect as if the affiant had testified orally. If an opportunity to cross-examine an affiant is not afforded after request therefor is made as herein provided, the affidavit may be introduced in evidence, but shall be given only the same effect as other hearsay evidence." Monaghan asserts that "the purpose" of this section "is to permit the respective parties the opportunity and means to secure for themselves the right to cross-examination and confrontation granted under [Government Code section 11500, subdivision (f)(2)]."

We find that Government Code section 11514 cannot sustain the judgment. That section does not create an independent mechanism by which a licensee can compel the DMV to produce a witness. Rather, it simply sets forth the evidentiary consequences of failing to satisfy the licensee's request for an opportunity to cross-examine the author of affidavits on which the DMV relies. Under it, such affidavits ". . . may be introduced in evidence, but shall be given only the same effect as other hearsay evidence." (Gov. Code, § 11514, subd. (a).) Because Government Code section 11514 does not impose "the burden or obligation of producing the affiant as a witness to permit cross-examination" (6 Ops.Cal.Atty.Gen. 219, 220-221 (1945)),[4] it cannot serve as a basis for ordering the DMV to produce the analyst at a new hearing.

Alternatively, Monaghan argues that, under Government Code section 11514, the DMV's failure to produce the analyst affects the evidentiary weight to which the laboratory report would otherwise be entitled under Government Code section 11513, subdivision (c). Government Code section 11513, subdivision (c), provides in relevant part: ". . . Hearsay evidence may be used for the purpose of supplementing or explaining other evidence but shall not be sufficient in itself to support a finding unless it would be admissible over objection in civil actions. . . ." Monaghan argues that, under Government Code section 11514, the DMV's failure to produce the analyst renders the laboratory report hearsay "irrespective of any exception which would make it otherwise admissible in a civil proceeding," and that it therefore is not sufficient alone to establish his BAC.

Monaghan's statutory analysis is incorrect. The consequence under Government Code section 11514, subdivision (a), of a failure to satisfy a request

---

[4]The Attorney General's opinion analyzes a prior version of Government Code section 11514. The subsequent changes in the section do not affect the validity of that analysis.

for production of an affiant is that the affidavit ". . . shall be given only the same effect as other hearsay evidence." We find that application of this sanction requires reference to Government Code section 11513, subdivision (c), which, as we have just noted, determines the effect that shall be given to hearsay evidence. Under it, ". . . [h]earsay evidence may be used for the purpose of supplementing or explaining other evidence but shall not be sufficient in itself to support a finding unless it would be admissible over objection in civil actions. . . ." Thus, notwithstanding the DMV's failure to produce the analyst for cross-examination, the evidentiary weight of the laboratory report depends, under Government Code section 11513, subdivision (c), on whether "it would be admissible over objection in civil actions."[5]

We reject Monaghan's assertion that, under this interpretation, "[n]o legislative purpose would be served in enacting" Government Code section 11514 because "a timely demand under such section has no effect on the admissibility of the affidavit or sworn statement except that already covered by" Government Code section 11513, subdivision (c). The legislative purpose of Government Code section 11514 is to *increase* in administrative hearings the evidentiary weight of affidavits that do not otherwise qualify under a hearsay exception by making them admissible "as direct evidence if no request to cross-examine is made. [Citations.]" (*Windigo Mills* v. *Unemployment Ins. Appeals Bd.* (1979) 92 Cal.App.3d 586, 597 [155 Cal.Rptr. 63].) Our interpretation is consistent with this purpose. Monaghan's interpretation, on the other hand, would *decrease* in administrative hearings the weight of evidence that would be admissible in a civil action under an exception to the hearsay rule. Nothing suggests that this was the Legislature's intent in enacting Government Code section 11514.[6]

---

[5]In reaching this conclusion, we express no opinion as to whether section 23158.2 requires that the laboratory report also be sworn or whether the laboratory report here at issue was adequately sworn. (See *Wheeler* v. *Department of Motor Vehicles* (1994) 34 Cal.App.4th 228 [28 Cal.Rptr. 597], review dism. as improv. granted and opn. ordered pub. June 15, 1995 (S039625).) We simply decide that the DMV's failure to produce a witness pursuant to a request under Government Code section 11514 does not affect the weight to which evidence is entitled under Government Code section 11513, subdivision (c).

[6]As the Attorney General has explained: "Affidavits may be received over objection under [Government Code] Section 11513 as any other 'hearsay evidence' without respect to [Government Code] Section 11514 for the purpose of supplementing or explaining any direct evidence, but would be subject to the limitation that such affidavits would not be sufficient in and of themselves to support a finding except in the cases where they would be admissible over objection in a civil action. . . . [Government Code] Section 11514 was intended to give such parties an additional right with respect to affidavits in permitting their use in lieu of the personal oral testimony of the affiant where opposing parties do not assert their right to cross-examine the affiant. If such cross-examination is requested in time and such

Given our conclusion that the judgment erroneously directs the DMV to hold a new hearing and produce the analyst for cross-examination, we must remand the case to the superior court for further consideration of Monaghan's petition. In light of its ruling, the superior court did not definitively rule on Monaghan's other contentions or exercise its independent judgment regarding the sufficiency of the evidence to support the suspension.[7]

The judgment is reversed, and the matter is remanded for further consideration of Monaghan's petition. The DMV is awarded costs on appeal.

Merrill, J., and Corrigan, J., concurred.

---

cross-examination is for any reason (other than a waiver by the requesting party) not afforded the requesting party, the affidavit, though in evidence, remains subject to the limitations imposed by [Government Code section 11513, subdivision (c)]." (6 Ops.Cal.Atty.Gen. 219, *supra*, at p. 220.

[7]We suggest that, in further considering Monaghan's petition, the superior court review the administrative record to determine whether Monaghan raised at the administrative hearing the errors and objections he asserts in his petition. We leave this determination in the first instance to the superior court.