Filed 11/15/13  Madrid v. Dept. of Motor Vehicles CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO


| | |
|---|---|
| DOMINIC ERNESTO MADRID, | |
| Plaintiff and Appellant, | E056373 |
| v. | (Super.Ct.No. RIC1115862) |
| DEPARTMENT OF MOTOR VEHICLES et al., | OPINION |
| Defendants and Respondents. | |


APPEAL from the Superior Court of Riverside County.  Ronald L. Taylor, Judge. (Retired judge of the Riverside Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)  Affirmed.

Bartell & Hensel, Donald J. Hensel and Lara J. Gressley for Plaintiff and Appellant.

Kamala D. Harris, Attorney General, Alicia M. B. Fowler, Assistant Attorney General, Chris A. Knudsen and Jodi L. Cleesattle, Deputy Attorneys General, for Defendants and Respondents.

1

Plaintiff and appellant Dominic Ernesto Madrid (Madrid) filed a petition for writ of review and mandamus to set aside a decision by the Department of Motor Vehicles (DMV or Department) suspending his driver's license. The trial court denied the petition and Madrid appeals.

ISSUES

The case presents two issues of the interpretation of drunk driving laws. The first issue is which party has the duty to obtain and disclose the name of the phlebotomist who drew Madrid's blood under Vehicle Code section 23158, subdivision (a), and which party has the duty to produce the phlebotomist for cross-examination at the administrative hearing. The second issue is the applicability of the collateral estoppel doctrine, when Madrid pled guilty to the drunk driving charge *after* the DMV suspension hearing.

FACTS AND PROCEDURAL HISTORY

On May 8, 2011, at 12:33 a.m., a Hemet police officer arrested Madrid for misdemeanor violations of Vehicle Code sections 23152, subdivision (a) (driving under the influence) (DUI) and 23152, subdivision (b) (DUI with a blood-alcohol level over 0.08%).[1] A blood sample was taken at 12:57 a.m. The result was an ethyl blood-alcohol content (B.A.C.) of 0.20 percent. The test results were reported by an employee of Bio-

---

[1] On December 21, 2012, the Attorney General filed a request that we take judicial notice of the misdemeanor complaint, the traffic citation, and the misdemeanor plea form. No opposition was filed, although Madrid opposes the request in his reply brief. By order filed January 17, 2013, we reserved consideration of the request with this appeal. We now grant the request for judicial notice. (Evid. Code, §§ 452, subd. (d), 452.5, 459.)

Tox Laboratories on May 17, 2011. The analyst certified that she is a qualified person and that the analysis was performed subject to the provisions of Title 17 of the California Code of Regulations (hereafter Title 17).

The arresting officer completed an administrative per se suspension and driver's license revocation order. Madrid requested an administrative hearing to review the order of license suspension pursuant to Vehicle Code section 13558.

THE DMV ADMINISTRATIVE PER SE HEARING

A DMV administrative per se hearing "is limited to three issues: (1) whether the arresting officer had reasonable cause to believe the driver was driving under the influence of alcohol; (2) whether the driver was lawfully arrested; and (3) whether the driver had a blood-alcohol level of .08 percent or more. [Citations.]" (*Petricka v. Department of Motor Vehicles* (2001) 89 Cal.App.4th 1341, 1345 (*Pedricka*); see also Veh. Code, § 13353.2.) The administrative per se hearing was held on August 23, 2011. The hearing officer found that there was sufficient evidence to find for the Department on all three issues. The hearing officer therefore reimposed the suspension of Madrid's driver's license.

The only issue here was the blood-alcohol test. The hearing officer found: "As based on the lack of sufficient evidence to rebut the chemical test results, it is hereby determined that [Madrid] submitted to and completed a chemical test of his blood, with a result of 0.20% B.A.C. at 12:57 a.m. on 5/8/11." A further finding states: "Counsel's presentation, which consisted of arguments and objections, was given its proper weight and consideration before this decision was rendered. However, the DMV's evidence was

3

not rebutted.  The identity of the phlebotomist is irrelevant because counsel presented no affirmative evidence to show that the phlebotomist was not properly qualified to obtain blood samples."

## THE PETITION

On September 29, 2011, Madrid filed a petition for writ of review and mandamus pursuant to Vehicle Code section 13559 and Code of Civil Procedure section 1094.5. The petition was based on objections made at the hearing.  Specifically, Madrid contends that he was deprived of his statutory and constitutional rights because the Department failed to provide him the name of the phlebotomist, as required by Vehicle Code section 23158, subdivision (c).  Without the name of the phlebotomist, Madrid contends that he was unable to subpoena the person for the administrative hearing.  In other words, he could not present affirmative evidence regarding the qualifications and methods used by the phlebotomist because the Department found the information to be irrelevant, and failed to supply it in discovery.

## THE TRIAL COURT'S DECISION

The petition was heard on March 23 and April 6, 2012.  At the commencement of the hearing, the trial court announced its tentative decision.  It found that the petition should be denied on collateral estoppel grounds.  The tentative finding was based on the fact that, after the administrative hearing, Madrid pled guilty to the charges as part of a plea bargain.  The trial court found that the final judgment in the criminal case was entitled to be given collateral estoppel effect in this case.  It therefore found that the crimes charged had been admitted and that Madrid could not challenge "the DMV

4

findings on issues subsumed by his conviction." Madrid's counsel then pointed out that the issue had not been raised by the Department, and asked time for further briefing. The request was granted.

Counsel then argued that Madrid had made timely requests for the name of the phlebotomist, and the Department failed to provide the person's name. Counsel contended that, without the person's name, he was effectively prevented from calling the person as a witness. Madrid's counsel was therefore prevented from examining or cross-examining the person to determine if that person was qualified to make a blood draw, or if that person followed proper procedures in making the blood draw, and to determine Title 17 compliance. Counsel stated that the hearing officer found the name irrelevant but still allowed the blood evidence to be admitted, despite Vehicle Code section 23158, subdivision (c).

On April 6, 2012, the hearing resumed after the receipt of briefing on the collateral estoppel issue. Madrid argued that a guilty plea in a criminal case cannot be used to support a claim of collateral estoppel in a civil action, particularly when the guilty plea is given retroactive effect to decide the issues raised and decided at the administrative hearing. After further discussion of the cases, the trial court disagreed, and the petition was denied on collateral estoppel grounds.[2]

---

[2] "On appeal, this court ordinarily reviews the record to determine whether the trial court's findings are supported by substantial evidence. [Citation.] But where, as here, the determinative question is one of statutory or regulatory interpretation, an issue of law, we may exercise our independent judgment. [Citations.]" (*Manriquez v. Gourley* (2003) 105 Cal.App.4th 1227, 1233 (*Manriquez*).)

## VEHICLE CODE SECTION 23158

Vehicle Code section 23158, subdivision (a), provides, in relevant part: "Notwithstanding any other provision of law, only a licensed physician and surgeon, registered nurse, licensed vocational nurse, duly licensed clinical laboratory scientist or clinical laboratory bioanalyst, a person who has been issued a 'certified phlebotomy technician' certificate pursuant to Section 1246 of the Business and Professions Code, unlicensed laboratory personnel regulated pursuant to Sections 1242, 1242.5 and 1246 of the Business and Professions Code, or certified paramedic acting at the request of a peace officer may withdraw blood for the purpose of determining the alcoholic content therein."

Vehicle Code section 23158, subdivision (c), provides: "Upon the request of the person tested, full information concerning the test taken at the direction of the peace officer shall be made available to the person or the person's attorney."

## MADRID'S ARGUMENT

Since only designated persons are qualified to draw blood, Madrid argues that he had a right, at the hearing, to examine the person regarding their qualifications and compliance with required blood draw procedures. He argues that he could not subpoena the person or challenge their qualifications at the hearing without learning their identity.

Prior to the hearing, Madrid's counsel repeatedly requested that the Department provide the name of the person who had conducted the blood draw. He also filed a brief, which fully stated his objection. The name of the phlebotomist was not included in the laboratory report or the police report in our record. Accordingly, the Department failed to provide the information because it did not have it. The hearing officer felt that the

6

information was irrelevant because Madrid had not presented any evidence at the hearing to show that the phlebotomist was not qualified or competent.[3]  However, the requested information was clearly relevant to the only issue at the hearing.  (*Parris v. Zolin* (1996) 12 Cal.4th 839, 853.)

Madrid therefore relies on Vehicle Code section 23158, subdivision (c), and argues that the Department failed to provide the requisite "full information" in discovery.  In essence, he argues that the Department was "attempting to shift the burden of finding out that information to us when 23158(c) affirmatively places that obligation upon the Department."

Accordingly, Madrid concludes that his objections to the admission of the blood test results contained in the laboratory report should have been sustained because the Department was not entitled to use the results at the hearing.

DISCUSSION

The Department relies on the presumption that official duty has been regularly performed.  (Evid. Code, § 664.)  It also relies on *Petricka*, *supra*, 89 Cal.App.4th 1341.  In that case, Petricka argued that "the DMV had failed to establish evidence that the blood sample was properly collected, handled and preserved by a qualified person, as required by law.  Petricka argued that the presumption of Evidence Code section 664 did not establish that the proper procedures were followed, by a person with proper

---

[3]  Of course, Madrid would argue that he was caught in a classic "catch-22" situation because he could not present such evidence because the Department had not complied with its statutory discovery obligation.  However, as the cases discussed *post* show, he was not without a remedy.

7

qualifications, when his blood was drawn." (*Petricka*, at p. 1347.) "The DMV countered that the Evidence Code presumption established that the blood was properly collected by a qualified person, and that it was incumbent upon Petricka to overcome the presumption. The DMV argued that Petricka had not succeeded in overcoming the presumption because he had introduced no evidence disputing the validity of the procedures used to collect his blood, and made no showing that they violated Title 17." (*Ibid.*)

The appellate court in *Petricka* agreed with the DMV: "The general rule fashioned by these and other cases is that Evidence Code section 664, which affects the burden of proof, can satisfy the DMV's burden of proving that appropriate procedures have been properly performed. Once a prima facie case is made, the burden then shifts to the driver to show improper performance, either by cross-examination of the arresting officer or by the introduction of affirmative evidence. [Citations.] Such a showing cannot rest on speculation, but must demonstrate a reasonable basis for an inference that the procedures were not properly followed. [Citation.]" (*Petricka*, *supra*, 89 Cal.App.4th at p. 1348.)

We agree that the Evidence Code section 664 presumption applied here and that Madrid was required to present evidence to rebut the presumption by showing that improper procedures were used. (*Manriquez*, *supra*, 105 Cal.App.4th at p. 1233.)

*Petricka* is particularly persuasive at this point because the name of the person who conducted the blood draw was unknown and Petricka made a specific demand for discovery. (*Petricka*, *supra*, 89 Cal.App.4th at p. 1351.) The court found that there are statutory procedures which would have provided the name of the person who drew the

blood. (*Ibid.*) "'Upon the request of the person tested, full information concerning the test taken at the direction of the peace officer shall be made available to the person or the person's attorney.' [Citation.] Upon such a request, the DMV would have been obligated to identify the blood drawer, and Petricka could then have invoked a statutory subpoena power to obtain his or her testimony at the administrative hearing. [Citations.] If Petricka had requested a subpoena, had it served and paid the appropriate fee, he would have had an "'absolute right'" to compel the attendance of the drawer of his blood. [Citations.]" (*Ibid.*)

Continuing its parallel to the facts of this case, the DMV in *Petricka* failed to comply with the discovery request. The appellate court said: "But there is no evidence that, in the wake of the DMV's failure to disclose, counsel petitioned the superior court for discovery compliance under Government Code section 11507.7. Furthermore, counsel made no complaint about a lack of discovery at the administrative hearing, did not request a continuance [citation], and did not ask that the hearing officer issue a subpoena [citation]. It is incumbent upon the driver to take such steps as these to secure the attendance of desired witnesses. [Citation.]" (*Petricka*, *supra*, 89 Cal.App.4th at p. 1351.) The *Petricka* court relied on Vehicle Code section 14104.5. That section states that, prior to a hearing, the hearing officer *shall* issue subpoenas at the request of a party. It does not state whether the name of the person subpoenaed is required.

The *Petricka* court also relied on *Monaghan v. Department of Motor Vehicles* (1995) 35 Cal.App.4th 1621 (*Monaghan*). Prior to his administrative hearing, Monaghan specifically requested the name of the person who conducted the blood test. (*Id*. at

9

p. 1624.)  At the hearing, Monaghan objected to the DMV's documentary evidence "on the ground that the DMV failed to produce the authors of those documents for cross-examination despite his request." (*Ibid*.)  The court then reviewed the statutory steps necessary to compel attendance of witnesses and concluded:  "These statutes afford a licensee 'an absolute right to compel' the attendance of witnesses 'if he requests a [subpoena], has it served and pays the statutory fee.  [Citations.]'  [Citation.]" (*Id*. at p. 1626.)

The *Monaghan* court went on to hold that it is the licensee's burden to secure the attendance of the witness.  (*Monaghan*, *supra*, 35 Cal.App.4th at p. 1626.)  "'Even when the [witness] fails to appear after being served with a subpoena by [the] DMV, or after the DMV has given less formal assurances to the licensee that the [witness] will be present, the licensee must ask for a continuance to secure the [witness's] attendance or any objection to his nonappearance is waived.'  [Citations.]"  (*Ibid*.)  The *Monaghan* court cited *Nick v. Department of Motor Vehicles* (1993) 12 Cal.App.4th 1407, 1417:  "'A defendant may not complain of the absence of a witness unless he had made a showing of due diligence to obtain the attendance of the witness.'  [Citation.]"  (See also *Monaghan*, at p. 1626.)

We therefore must conclude that, even though the name of the phlebotomist was not disclosed, a request for discovery without a request for the issuance of a subpoena, was insufficient.  In the words of *Petricka*, "[i]t is incumbent upon the driver to take such steps as these to secure the attendance of desired witnesses.  [Citation.]" (*Petricka*, *supra*, 89 Cal.App.4th at p. 1351.)

10

Under Vehicle Code section 23158, subdivision (c), the Department had the clear statutory duty to provide "full information" concerning the test. But, under the cases discussed *ante*, when the Department fails to do so, the licensee must do more than protest and object at the hearing. He or she must request the issuance of a subpoena or a continuance of the hearing. Madrid failed to take this additional step to require the phlebotomist to appear at the hearing for cross-examination on his or her qualifications and compliance with the requirements for a proper blood draw. Since he failed to do so, and did not introduce any other evidence, he did not rebut the presumption that official duty was properly performed, and the trial court properly denied the petition.[4]

## DISPOSITION

The trial court's judgment denying the petition for writ of review and mandamus is affirmed. Each party shall bear their own costs.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER
Acting P. J.

We concur:

KING
J.

MILLER
J.

---

[4] In view of this conclusion, we need not consider the trial court's questionable application of the collateral estoppel doctrine. But, under settled precedent, the trial court does not err if it is right for the wrong reason. (*D'Amico v. Board of Medical Examiners* (1974) 11 Cal.3d 1, 18-19.)

11