[No. S046349. Mar. 4, 1996.]

DAVID MICHAEL PARRIS, Plaintiff and Respondent, v.
FRANK S. ZOLIN, as Director, etc., Defendant and Appellant.

## COUNSEL

Daniel E. Lungren, Attorney General, Henry G. Ullerich and Martin H. Milas, Assistant Attorneys General, Marybelle D. Archibald and Steven L. Simas, Deputy Attorneys General, for Defendant and Appellant.

Charles A. Pacheco and S. Alexandria Jo for Plaintiff and Respondent.

## OPINION

**BAXTER, J.**—Government Code section 11525[1] provides, inter alia, that if a witness subpoenaed to attend a hearing before an administrative agency refuses to respond, "the agency shall certify the facts to the superior court in and for the county where the proceedings are held. The court shall thereupon

---

[1] All statutory reference are to the Government Code unless otherwise specified.

Section 11525 provides: "If any person in proceedings before an agency disobeys or resists any lawful order or refuses to respond to a subpena, or refuses to take the oath or affirmation as a witness or thereafter refuses to be examined, or is guilty of misconduct during a hearing or so near the place thereof as to obstruct the proceeding, the agency shall certify the facts to the superior court in and for the county where the proceedings are held. The court shall thereupon issue an order directing the person to appear before the court and show cause why he should not be punished as for contempt. The order and a copy of the certified statement shall be served on the person. Thereafter the court shall have jurisdiction of the matter. The same proceedings shall be had, the same penalties may be imposed and the person charged may purge himself of the contempt in the same way, as in the case of a person who has committed a contempt in the trial of a civil action before a superior court."

issue an order directing the person to appear before the court and show cause why he should not be punished as for contempt." In this proceeding we are asked to determine what action the agency must take to fulfill its obligation under section 11525.

We conclude that an administrative agency's obligation under section 11525 is met by transmitting a certification of the facts of an apparent contempt to the superior court. Receipt of the certification triggers the obligation of the superior court to issue an order to show cause to the person who appears to be in contempt. The jurisdiction of the superior court to initiate a contempt proceeding to enforce the agency subpoena arises on receipt of the certification. In this case plaintiff properly invoked the statutory obligation of the Department of Motor Vehicles (department) to certify to the superior court the facts relevant to a witness's failure to appear in response to a departmental subpoena issued at plaintiff's request, but the department failed to transmit the certification to the superior court. As a result the subpoena was not enforced.

Because the Court of Appeal erroneously construed section 11525 as creating only an obligation to prepare a certification of facts, we shall reverse the judgment of the Court of Appeal.

I

*Background*

When plaintiff David Michael Parris was arrested for operating a motor vehicle while under the influence of an intoxicant (Veh. Code, § 23152), the arresting officer gave him notice of suspension of his driver's license. (Veh. Code, § 13353.2.) Plaintiff sought a hearing before the department pursuant to Vehicle Code section 13558, subdivision (a), and served a subpoena for the appearance of the criminalist who had analyzed plaintiff's blood sample at the Department of Justice. The criminalist did not respond to the subpoena. The sworn report of the arresting officer and a document reciting the result of the blood test were received in evidence. Plaintiff asked the hearing officer to take steps under section 11525[2] to have the criminalist held in contempt. The hearing officer offered to prepare a transcript and to provide any documentation required to assist plaintiff in filing a motion to enforce the subpoena in the superior court to compel the appearance of the criminalist. The hearing officer and counsel for the department declined to undertake any additional action to enforce the subpoena. Plaintiff, asserting that imposing the burden and cost of initiating an enforcement action on him was

---

[2]Vehicle Code section 14104.5 requires the department to issue a subpoena or subpoena duces tecum at the request of a party. Because the Vehicle Code does not contain an enforcement procedure, section 11525, a part of the Administrative Procedure Act (§ 11500 et seq.) applies and provides the method of enforcement of the subpoena.

unreasonable, declined to do so. The hearing officer then issued a decision upholding the suspension of plaintiff's driver's license notwithstanding the failure of the witness whom defendant had subpoenaed to appear.

Plaintiff then initiated this proceeding by filing a petition for writ of mandate seeking review of the departmental adjudicatory hearing in the superior court. (Code Civ. Proc., § 1094.5.) The superior court issued an alternative writ of mandate, stayed the suspension, and, after a hearing, granted the petition, set aside the decision of the department, and remanded the matter to the hearing officer. In so doing, it ordered the department to follow the procedures set forth in *Fitzpatrick* v. *Department of Motor Vehicles* (1993) 13 Cal.App.4th 1771 [17 Cal.Rptr.2d 110] (*Fitzpatrick*), to compel the attendance of the criminalist, to rehear the matter, and to consider plaintiff's witnesses.

The department appealed and the Court of Appeal reversed the judgment of the superior court. The Court of Appeal reasoned that section 11525 requires only that an administrative agency "certify the facts to the superior court," which it understood to mean only prepare a statement of the facts for use by a party. It found *Fitzpatrick*, on which the superior court relied, distinguishable. Therefore, the court reasoned, the burden of compelling attendance is on the party seeking the appearance of the witness who may use the statement in initiating a contempt action. However, that party was responsible for initiating superior court proceedings.

Plaintiff seeks review, asking this court to resolve the apparent conflict between the opinion of the Court of Appeal in this case and that in *Fitzpatrick* as to the proper construction of section 11525.

## II

### *Discussion*

### A. *Initiating a contempt proceeding under section 11525.*

Resolution of the statutory construction issue in this matter is made more difficult by the assumption of the parties that a certification of the facts constituting an apparent contempt to the superior court does not in and of itself institute a contempt proceeding. They agree that section 11525 obliges the administrative agency to prepare a certification of facts relevant to a subpoenaed witness's failure to appear at an agency administrative hearing, but both argue that it is incumbent on one of the parties to file a contempt action based on the certification as the means by which to enforce the agency subpoena. Plaintiff asserts that the burden of filing an action is that of the agency, here the department. The department takes the view that it is the

party who sought issuance of the subpoena and seeks the attendance of the witness who must file an action to enforce the subpoena in the superior court.

Neither is correct. Transmission of a certification of facts by an administrative agency to the superior court in the county where the hearing is pending is all that is necessary to invoke the jurisdiction of the court and initiate a contempt proceeding. Section 11525 provides that the agency shall certify the facts "to the superior court," thereby imposing on the agency the duty to transmit the certification to the court. On receipt of the certification the clerk must file it as a contempt proceeding without payment of a filing fee and, if the certification states facts which may be the basis of a judgment of contempt, the court must issue an order to show cause.

Section 11525 is specific in directing that when a witness refuses to respond to a subpoena, the agency "shall" certify the facts "to the superior court."[3] It expressly imposes a duty on the superior court to issue an order to show cause re contempt to the witness on receipt of the agency certification. The section does not further define "certify the facts," and unlike other statutes having the same purpose, it does not provide that the witness is deemed to be in contempt of the agency.[4] It does provide, however, that a copy of the certified statement of facts be served on the recalcitrant witness.

---

[3]While the Legislature's use of the mandatory "shall" in section 11525 might be considered to make certification obligatory on the agency (see *California Correctional Peace Officers Assn.* v. *State Personnel Bd.* (1995) 10 Cal.4th 1133, 1145 [43 Cal.Rptr.2d 693, 899 P.2d 79]), when read in context of the entire administrative adjudication scheme, it is apparent that an administrative agency has considerable discretion over whether to initiate a contempt proceeding by certifying the fact that a witness did not appear to the superior court.

While the department may certify facts of any of the bases for contempt specified in section 11525 in any case in order to uphold the dignity of the tribunal and the efficacy of its orders or subpoenas, it has discretion to refuse to do so. Unless the party who sought and served a subpoena requests certification, the department (through the hearing officer) may justifiably conclude that the witness testimony or evidence is no longer considered necessary by the party and the right to enforcement proceedings has been waived. Since the right to offer evidence at an administrative hearing is limited to relevant evidence (§ 11513), the hearing officer may also require the party to make an offer of proof or showing that the evidence is relevant and potentially necessary to satisfy the party's burden of proof or persuasion in the agency hearing. A hearing officer who concludes that the subpoena power is being abused has discretion to refuse to certify the facts regarding a supoenaed witness's failure to appear to the superior court, and if the facts are certified there is no automatic stay of the administrative hearing. The party seeking certification may request a continuance pursuant to section 11524. Whether the request is to be granted is left to the discretion of the hearing officer.

[4]See, e.g., Health and Safety Code section 40842, which applies to air pollution control districts and provides: "Whenever any person duly subpoenaed to appear and give evidence, or to produce any books and papers, before a hearing board neglects or refuses to appear, or to produce any books and papers, as required by the subpoena, or refuses to testify or to answer any question which the hearing board decides is proper and pertinent, he shall be

■ Notwithstanding the absence in section 11525 of specific procedures to be undertaken when a certification of facts is made to the superior court, section 11525 clearly places the burden of certifying the facts to the superior court on the agency before which the proceeding is conducted. The statute does not command that the agency simply certify the facts in the abstract. It directs a certification "to the superior court," thereby imposing a duty to transmit the certification to that court. And, contrary to the view of the parties, section 11525 does not impose a duty on either party to initiate the superior court proceeding. Instead, the section contemplates that the contempt proceeding will be initiated by the superior court through the issuance of an order to show cause upon that court's receipt of the certified statement transmitted by the agency.

In support of their argument that a party must initiate the superior court contempt proceeding, the parties express concern that section 11525 fails to establish the means by which a certification of facts is to be transmitted to the superior court and does not specify what steps the court or clerk of the court is to take upon receipt of the certification to initiate an action or special proceeding (see Code Civ. Proc., §§ 22, 23) over which the court has jurisdiction, and provides no procedure for the conduct of the contempt hearing. Each argues that because such procedures are omitted from section 11525, the Legislature necessarily intended that a party must file and prosecute a contempt action as a new proceeding in which the party who files is the plaintiff or petitioner.

Section 11525 is not limited to institution of contempt proceedings against subpoenaed witnesses who fail to appear, however. It also applies if any person is guilty of misconduct during or obstructs a hearing. In ascertaining the intent of the Legislature we must be mindful of all situations in which it may be necessary to invoke the contempt procedures made available by section 11525. ■ Our initial obligation in construing a statute is to ascertain the intent of the Legislature in order to carry out the purpose of the law. (*People* v. *Hull* (1991) 1 Cal.4th 266, 271 [2 Cal.Rptr.2d 526, 820 P.2d 1036].) Whenever possible a construction must be adopted which will give effect to all provisions of the statute. (Code Civ. Proc., § 1858; *Steinberg* v. *Amplica, Inc.* (1986) 42 Cal.3d 1198 [233 Cal.Rptr. 249, 729 P.2d 683].) Not only does the language of section 11525 fail to support the parties' arguments that the party aggrieved must initiate a contempt proceeding as a new action in the superior court, but under the construction suggested by the parties, the only means by which to initiate contempt proceedings against persons who disrupt or obstruct the proceeding would be an action by the

---

deemed in contempt, and the hearing board shall report the fact to the superior court of the county in which the hearing is held."

hearing officer. The hearing officer would be forced to become a plaintiff in a contempt action in order to initiate the imposition of sanctions on persons who disrupt an administrative hearing. The language of section 11525 does not permit an inference that the Legislature intended to place that burden on a hearing officer. No other contempt-related statute does so, and the purpose of the statute would be frustrated if the hearing officer had to interrupt proceedings to personally prosecute persons who were disrupting a hearing.

The statutory procedures governing most contempts are those found in the Code of Civil Procedure. (Code Civ. Proc., § 1211 et seq.) Those procedures contemplate the existence of a pending action in which the contempt may be summarily punished if it occurs in the presence of the court or in which an affidavit or statement describing the contempt may be filed to initiate a contempt hearing if the conduct occurs outside the presence of the court. Those contempt hearings are not new proceedings such as would be required were we to accept the construction of section 11525 suggested by the parties.

Section 11525 does no more than provide a means by which the equivalent of a pending action is created in the superior court. The section then incorporates all of the procedures made applicable to contempt proceedings initiated under Code of Civil Procedure section 1211, by directing that after the order to show cause issues "[t]he same proceedings shall be had . . . as in the case of a person who has committed a contempt in the trial of a civil action before a superior court."

The concern of the parties that the superior court to which the certification of facts is transmitted, or the clerk of the court, may not know how the contempt proceedings should be docketed is unwarranted. Miscellaneous matters are routinely docketed in the superior courts of this state. We are satisfied that the presiding judge (see §§ 69508, 69508.5) and the clerk of the superior courts can adapt their procedures to ensure that a certified statement of facts received from an administrative agency will be promptly filed, an order to show cause issued, and the statutorily mandated contempt proceedings initiated.[5] If further guidance as to procedures to be followed is necessary, the Legislature and the Judicial Council may provide it.

The department concedes that section 11525 obliges the hearing officer to certify the facts of the witness's failure to appear, but contends that the hearing officer did all that section 11525 requires by offering to prepare a certification of facts and to assist plaintiff in initiating an action to enforce the subpoena and that plaintiff refused the offer. We disagree.

---

[5]Section 11525 is not unique in requiring a superior court to file and process as a new action, without filing fee, a matter transmitted from another tribunal or department. (See, e.g., Welf. & Inst. Code, § 362.4.)

The record confirms that plaintiff's counsel in the administrative hearing properly invoked section 11525. He asked that the hearing officer "take the necessary steps to, under Government Code section 11525, and to have the criminalist held in contempt of this proceedings." At the next session he said: "And what I requested yesterday would be this. That per . . . Government Code section 11525, I'm requesting that DMV do one of two things. That is, in the first instance to enforce their subpoena by filing a contempt action against the Department of Justice, to command their appearance at this hearing. However, if they chose not to do that, what I am requesting, this matter be set aside." The record thus supports plaintiff's claim that he asked the hearing officer to take the action that section 11525 requires and confirms that the hearing officer refused to do so. The hearing officer offered instead to provide defendant with any documents or papers defendant needed to initiate a contempt action himself. The hearing officer never offered to prepare a certificate of the facts and transmit it to the superior court. The offer refused by plaintiff was the hearing officer's offer to prepare a transcript and assist plaintiff in initiating a contempt proceeding to enforce his subpoena. That action would not have complied with section 11525 and plaintiff was entitled to insist on full compliance with the statutory command that the hearing officer certify the facts "to the superior court."

The *Fitzpatrick* decision (*supra,* 13 Cal.App.4th 1771) is consistent with our conclusion that the department was obliged to transmit the hearing officer's certification of facts to the superior court. In *Fitzpatrick,* the department had suspended a driver's license when he refused to satisfactorily complete a blood-alcohol test following his arrest on suspicion of drunk driving. The driver requested an administrative hearing. Both he and the department subpoenaed the arresting officer, who failed to appear at the hearing. After the officer failed to appear at a rescheduled hearing, the hearing officer stated that the officer was unable to appear and proceeded with the hearing. When the hearing officer upheld the suspension of the license, the driver sought review of the order in the superior court, which denied his petition.

On appeal from the order denying the petition, the Court of Appeal recognized that Fitzpatrick personally could have commenced proceedings in the superior court to enforce the subpoena, but held that in a license suspension hearing the driver should not have the obligation of enforcing his right to compel attendance of the witness as the cost could be prohibitive. The court reached this conclusion in part because the department had also subpoenaed the witness and the driver was not given notice that the officer would not appear in time to obtain a court order to require the department to enforce the subpoena. It is clear from the opinion, however, that the action

the court believed the department should have taken to "enforce" the subpoena was to comply with section 11525 by certifying the refusal of the witness to comply with the subpoena to the superior court.[6]

B.  *Necessity of an affidavit based on personal knowledge.*

■   Plaintiff argues that section 11525 requires by implication that the hearing officer execute an affidavit or sworn statement of the facts constituting the contempt as this is necessary when a contempt occurs out of the presence of the court. (Code Civ. Proc., § 1211.)[7]

The department contends that the hearing officer cannot have a statutory obligation to execute an affidavit adequate to initiate a contempt proceeding because the hearing officer is unable to state on the basis of the officer's own knowledge the facts constituting the contempt. The department asserts that under Code of Civil Procedure section 1211, an affidavit on information and belief is insufficient to support the initiation of contempt proceedings,[8] and only the party who served the subpoena can certify under penalty of perjury that appropriate service and fees were tendered and to whom.

We agree with the department that the certification of facts required by section 11525 need not be an affidavit. We do not agree that the certification must recite only facts personally known to the hearing officer, however.

---

[6]The Court of Appeal stated: "Government Code section 11525, provides, in relevant part: 'If any person in proceedings before an agency . . . refuses to respond to a subpoena . . . , *the agency shall certify the facts to the superior court* . . . . The court shall thereupon issue an order directing the person to appear before the court and show cause why he should not be punished as for contempt.' [ ] In the present case, the DMV failed to proceed under Government Code section 11525 to enforce Fitzpatrick's subpoena as well as its own." (*Fitzpatrick, supra,* 13 Cal.App.4th 1771, 1776, italics and ellipses in *Fitzpatrick.*)

[7]The department asserts that this argument amounts to a new issue that was not raised before the Court of Appeal. It is not, however, a new legal issue or one that is not fairly encompassed in the statement of issues in the petition for review. Plaintiff's statement of the issue is hyperbolic, asking in a paraphrase of the *Fitzpatrick* opinion whether "[i]n a simple license suspension hearing, is the driver, who already supports the Department of Motor Vehicles with taxes and license fees, required to make the Herculean efforts to enforce the attendance of the subpoenaed opposing witness where the properly subpoenaed witness fails to appear for the scheduled Administrative Per Se hearing?" Hyperbole such as this fails to define the legal issues in the manner contemplated by California Rules of Court, rule 28(e)(2). Nonetheless, the petition made it clear that the legal issue is the proper construction of section 11525. Under rule 28(e)(2) an issue is "deemed to comprise every subsidiary issue fairly included in it." Plaintiff's argument, which addresses the full extent of the agency's responsibility under section 11525, is fairly included within the question of the proper construction of the section.

[8]The department's reliance on *Freeman v. Superior Court* (1955) 44 Cal.2d 533, 537 [282 P.2d 857] for that proposition is misplaced as *Freeman* states that an affidavit initiating a contempt proceeding *may* be based on information and belief.

Both the department and plaintiff assume that the certification serves to initiate an "indirect contempt"[9] proceeding analogous to that governed by Code of Civil Procedure section 1211 for contempts which do not occur in the presence of the court. That section does not require an affidavit when the contempt occurs before a subordinate judicial officer, however. Moreover, the certification required by section 11525 does not initiate an indirect contempt proceeding for which an affidavit would be required by Code of Civil Procedure section 1211. Instead, the certification requirement of section 11525 is similar to the reporting requirements of Code of Civil Procedure sections 1211 and 1991 by which contempt proceedings are initiated when the contempt occurs in a proceeding conducted before a subordinate judicial officer. Presumably, the Legislature had the same object in mind in section 11525.

Each of these three provisions is directed to the problem of a witness refusing to comply with a subpoena to appear before an officer who lacks authority to impose penalties for contempt. (See *Marcus* v. *Workmen's Comp. Appeals Bd.* (1973) 35 Cal.App.3d 598, 603-604 [111 Cal.Rptr. 101].) Each therefore creates a procedure under which the matter is brought before a court which has contempt power. None of these statutes requires that there be an affidavit or declaration setting forth the facts constituting the contempt or requires that all of the facts be personally known to the reporting officer. Rather, the officer before whom the witness failed to appear simply states, reports, or certifies the facts which give rise to the belief of the hearing officer that a witness has been subpoenaed and has not appeared.

Code of Civil Procedure section 1991, by an amendment that predates section 11525 (Stats. 1941, ch. 406, § 1, p. 1690), creates a similar reporting requirement. The section now provides, inter alia: "When [a] subpoena . . . requires the attendance of the witness before an officer or commissioner out of court, *it is the duty of the officer or commissioner to report any disobedience or refusal to be sworn or to answer a question or to subscribe an affidavit or deposition when required, to the court issuing the subpoena.* The witness shall not be punished for any refusal to be sworn or to answer a question or to subscribe an affidavit or deposition, unless, after a hearing upon notice, the court orders the witness to be sworn, or to so answer or subscribe and then only for disobedience to the order." (Italics added.)

Code of Civil Procedure section 1211 provides in pertinent part: "When the contempt is not committed in the immediate view and presence of the

---

[9]An "indirect contempt" proceeding, i.e., one based on conduct that does not occur in the presence of the court, is typically a remedial action instituted by a party to enforce a court order, injunction, or judgment. (See 7 Witkin, Cal. Procedure (3d ed. 1985) Trial, § 175, p. 172.)

court, or of the judge at chambers, an affidavit shall be presented to the court or judge of the facts constituting the contempt, *or a statement of the facts by the referees or arbitrators, or other judicial officers.*" (Italics added.)

Construing Code of Civil Procedure sections 1211 and 1991 in *In re Morelli* (1970) 11 Cal.App.3d 819, 829 [91 Cal.Rptr. 72], the Court of Appeal held that neither requires an affidavit. The "report" requirement of the latter section was satisfied by a court reporter's certification of the persons who had appeared at a deposition, which omitted the name of a subpoenaed witness who failed to appear and included the transcription of a statement made by the plaintiff's attorney at the deposition in which he represented that the witness had been served, that the witness had demanded and had been paid a fee, and that it appeared he would not comply with the subpoena. The Court of Appeal, apparently accepting the contemner's argument that Code of Civil Procedure section 1211 must also be satisfied to give the superior court jurisdiction to issue an order to show cause for an indirect contempt, also held that a declaration of the attorney regarding service of the subpoena and payment of fees which accompanied the reporter's certification of the facts, met that requirement. (11 Cal.App.3d at p. 830.)

Like the above statutes, Health and Safety Code section 40842 (see fn. 4, *ante*) provides that the agency "shall report" the fact that a witness has not appeared pursuant to a subpoena to the superior court which, under the following section, proceeds as specified in section 11525. Labor Code section 132 and Water Code section 1091 give administrative agencies discretion to decide whether or not to report a failure to appear, but if that discretion is exercised, the agencies "report" the failure of the witness to appear by petition to enforce compliance with the subpoena.[10]

Section 11525 also provides that, after an order to show cause issues and the certification of facts is served on the person who appears to be in contempt, the contempt proceeding is conducted "in the same way, as in the case of a person who has committed a contempt in the trial of a civil action

---

[10]Labor Code section 132 and Water Code section 1091 provide that if a subpoenaed witness refuses to attend the agency "may" report the failure by petition to the superior court. The petition must recite that due notice has been given of the hearing and that the witness has failed to appear. (Lab. Code, § 132; Wat. Code, § 1092.) The petition must seek an order compelling the witness to appear and testify (Lab. Code, § 132; Wat. Code, § 1093), and the court must then direct the witness to appear and show cause why he failed to obey the subpoena. (Lab. Code, § 132; Wat. Code, § 1094.) Only if the court finds that the subpoena was regularly issued and orders that the witness appear and testify before the board, and the witness failed to do so, is the conduct treated as contempt of court. (Lab. Code, § 132; Wat. Code, §§ 1096, 1097.)

before a superior court." A contempt proceeding that follows a certification of facts under section 11525 is therefore similar to a "direct contempt" proceeding as it extends to disruptive conduct which obstructs the hearing and to the failure of a person to appear before the court. (See *In re Young* (1995) 9 Cal.4th 1052, 1053-1054 [40 Cal.Rptr.2d 114, 892 P.2d 148]); *Arthur* v. *Superior Court* (1965) 62 Cal.2d 404, 409 [42 Cal.Rptr. 441, 398 P.2d 777]; *Lyons* v. *Superior Court* (1955) 43 Cal.2d 755, 759 [278 P.2d 681].) But for the lack of contempt power in an administrative hearing officer, the contempt proceeding would be commenced without the necessity of a certification of facts or affidavit.

Because an administrative adjudication is not an aspect of a judicial proceeding, however, no judge is empowered to act in the matter. Section 11525 addresses that problem by creating a simplified, expeditious procedure by which a court and judge are made available to vindicate the dignity of the administrative tribunal whose process has been disobeyed or whose proceedings have been obstructed. An administrative hearing officer before whom a subpoenaed witness has not appeared but refused to testify, or whose proceedings are disrupted by any person, need only certify the fact of the apparent contempt to the superior court.

Because the purpose of a section 11525 contempt proceeding is to maintain the dignity of the administrative tribunal and enforce its orders, it is the agency in which or on behalf of which the hearing is held, not a party to the administrative hearing, that must report to the superior court the failure of a subpoenaed witness to appear. The report may be in the form of a certified statement by the hearing officer describing the facts. Section 11525 does not require that those facts include the personal knowledge of the hearing officer that the witness was properly served and did not appear. To establish an apparent refusal to appear the report must include only the factual basis for the hearing officer's belief that the witness was properly served. If the witness, in response to the order to show cause, disputes the claim that he or she was properly subpoenaed, the party who seeks to enforce the subpoena must, of course, offer competent evidence to refute that claim, but that evidence is not necessary to initiate the contempt proceeding.

### C. *Diligence.*

Finally, the department argues that plaintiff has not made a showing of due diligence to obtain the attendance of his witness. It relies on statements made in other contexts by the Court of Appeal in *Monaghan* v. *Department of Motor Vehicles* (1995) 35 Cal.App.4th 1621, 1626 [42 Cal.Rptr.2d 167], and *Nick* v. *Department of Motor Vehicles* (1993) 12 Cal.App.4th 1407 [16

Cal.Rptr.2d 305]. In *Nick* the court stated that " '[a] defendant may not complain of the absence of a witness unless he had made a showing of due diligence to obtain the attendance of the witness.' " (*Id.* at p. 1417.) There, however, the witness had not been properly subpoenaed. The issue arose in the context of the defendant's claim that because he was indigent, leaving the subpoena for a California Highway Patrol officer without payment of the necessary fee was sufficient. The defendant had neither attempted to have the fees waived nor sought to enforce the subpoena. Section 11525 was not in issue.

In *Monaghan* v. *Department of Motor Vehicles, supra*, 35 Cal.App.4th 1621, a driver whose license had been suspended demanded that the department produce the name and address of the criminalist who had performed the blood-alcohol analysis, and asked the department to produce that person for cross-examination at the administrative hearing. He failed to subpoena the criminalist, however, and none appeared. Rejecting the driver's claim that he had been denied his right of cross-examination of the criminalist, the Court of Appeal held that the driver failed to properly invoke the subpoena procedure provided by section 11510. In that context the court said that it is the burden of the licensee to secure the attendance of witnesses. (35 Cal.App.4th at p. 1626.) Again, section 11525 was not in issue.

The record here reflects that counsel for plaintiff stated at the administrative hearing that he had delivered the subpoena "addressed to the criminalist who analyzed a blood sample, to a Carla Gertz in Modesto and also, under subpoena noted: . . . Mr. Michael Davis [*sic*] and his California Driver's License . . . ." Earlier plaintiff's counsel told the hearing officer that he wanted an opportunity to cross-examine the person who performed the blood test and asked the hearing officer if the officer knew who that person was. Later he again stated to the hearing officer that he would like to call "the Department of Justice . . . criminalist who analyzed the blood sample" and asked the hearing officer at that time if he could check in the hallway "to see if a Department of Justice representative has shown up, who analyzed the test."[11]

The request was sufficiently clear that the hearing officer's duty to certify the fact that this witness had failed to honor a subpoena was triggered. No further showing of diligence is required by section 11525.

---

[11]In the petition for writ of mandamus, plaintiff alleged that Ms. Gertz was employed by the Department of Justice and that she received and returned the fee tendered by counsel stating that the Department of Justice had a policy of not attending department license suspension hearings.

The propriety of this alleged Department of Justice policy in light of the statutory right (§ 11510) of a motorist to subpoena witnesses is beyond the scope of this proceeding, as is the question of whether section 11525 may be invoked to hold an agency director in contempt if the director bars compliance with a subpoena to a subordinate.

The relevance of the information defendant sought to elicit from the subpoenaed employee is also clear. Defendant intended to question the criminalist on matters such as his qualifications, the methods used, and the chain of custody procedure established for the blood sample. All of this appears relevant and, depending on the response, could be necessary if defendant was to persuade the hearing officer that the department's evidence was insufficient to establish that the arresting officer had reasonable cause to believe that defendant drove while under the influence of an intoxicant.

Under the circumstances of this case, therefore, the hearing officer had no discretion to refuse to certify the facts of the failure of the subpoenaed witness to appear to the superior court.

### III

### *Disposition*

The judgment of the Court of Appeal is reversed.

Lucas, C. J., Mosk, J., Kennard, J., George, J., Werdegar, J., and Arabian, J.,* concurred.

*Retired Associate Justice of the Supreme Court sitting under assignment by the Chairperson of the Judicial Council.