[No. H024449. Sixth Dist. Oct. 17, 2003.]

CITIZENS FOR HATTON CANYON et al., Plaintiffs and Appellants, v. DEPARTMENT OF TRANSPORTATION et al., Defendants and Respondents;
HATTON CANYON COALITION et al, Interveners and Respondents.

## COUNSEL

Noland, Hamerly, Etienne & Hoss, Michael Masuda, and Christine P. Gianascol for Plaintiffs and Appellants.

Bruce A. Behrens, David Gossage and Antonio R. Anziano for Defendants and Respondents California Department of Transportation.

Bill Lockyer, Attorney General, Richard M. Frank, Chief Assistant Attorney General, Mary E. Hackenbracht, Assistant Attorney General, and John Davidson, Deputy Attorney General, for Defendants and Respondents.

Law Offices of Michael W. Stamp and Michael W. Stamp for Interveners and Respondents.

## OPINION

RUSHING, P. J.—Assembly Bill No. 434 (2001–2002 Reg. Sess.)[1] directed the California Department of Transportation (DOT) to transfer approximately 130 acres located in the Monterey-Carmel area, known as Hatton Canyon, to the Department of Parks and Recreation (Parks) for use as a state park. (Stats. 2001, ch. 136.) Article XIX, section 9 of the California Constitution[2] authorizes the transfer of surplus state property located in the coastal zone to Parks for state park purposes. However, only 24 of the 130 acres of the Hatton Canyon property actually lie within the coastal zone boundary as it is described in the maps of the California Coastal Commission. The balance of the Hatton Canyon land lies on the immediate eastern side of that boundary.

Appellants, Citizens for Hatton Canyon, a taxpayer group, filed an action challenging the constitutionality of Assem. Bill No. 434. The trial court entered an order upholding the validity of Assem. Bill No. 434 and granting summary judgment in Park's favor. In this appeal we must answer the question of whether Assem. Bill No. 434, which transfers DOT land to Parks, is inconsistent with article XIX, section 9 of the Constitution, because only a portion of the land transferred was within the coastal zone boundaries. Concluding that Assembly Bill No. 434 is not inconsistent with the California Constitution and is valid and enforceable, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

Hatton Canyon, as described in the findings and declarations of Assembly Bill No. 434, is "a scenic and environmental sensitive area comprised of undeveloped land that includes one of the few genetically pure Monterey Pine forests left in the world, significant coastal habitats and recreational areas as well as diverse wildlife." (Assem. Bill No. 434) The DOT originally acquired the right of way over the Hatton Canyon lands in 1956 for potential use as a realignment to Highway 1 where it passes to the east of Carmel-by-the-Sea.

---

[1] "[T]he property located in Hatton Canyon is surplus state property located within the coastal zone, as defined in Section 30103 of the Public Resources Code, as that zone was described on January 1, 1977, and subject to Section 9 of Article XIX of the California Constitution. It is, therefore, fitting and proper, and in furtherance of the public interest, that the Department of Transportation sell its ownership interest in the Hatton Canyon for the purposes of creating or adding to a state park." (Assem. Bill No. 434, § 2, subd. (a)(2).)

[2] "[T]he Legislature, by statute, with respect to surplus state property acquired by the expenditure of tax revenues designated in Sections 1 and 2 and located in the coastal zone, may authorize the transfer of such property for the consideration at least equal to the acquisition costs paid by the state to acquire the property, to the Department of Parks and Recreation for state park purposes, . . ." (Cal. Const., art. XIX, § 9.)

In 2001, the state Legislature enacted Assembly Bill No. 434, rescinding the creation of such a bypass and declaring the Hatton Canyon land to be surplus property located within the coastal zone. (Assem. Bill No. 434, § 2, subds. (d)–(f).) The bill authorized the DOT to transfer its right of way over the Hatton Canyon lands, consisting of 129.8 acres, to Parks for use as a state park. (Assem. Bill No. 434, § 2, subd. (a)(2).)

Appellant taxpayers group filed an action seeking to invalidate Assembly Bill No. 434, to the extent it called for the transfer of Hatton Canyon land outside the coastal zone boundary, on the ground that the bill conflicts with article XIX, section 9 of the Constitution. The named defendants were the DOT, the Coastal Conservancy and Parks. The Coastal Conservancy was dismissed from the action, while the court allowed the Sierra Club, the Hatton Canyon Coalition and the Monterey Peninsula Regional Park District to intervene in support of the respondents.

Appellants filed a motion for summary judgment on their complaint. After a hearing, the trial court denied the motion. Thereafter, the parties stipulated to treat the order denying the appellants' motion for summary judgment as if it were an order granting a motion for summary judgment in favor of the respondents. The trial court entered judgment based on this stipulation and order. This appeal ensued.

## DISCUSSION

On appeal, the appellants again contend that the sale of land authorized by Assembly Bill No. 434 does not satisfy the constitutional requirement of article XIX, section 9 of the Constitution because the Hatton Canyon property is mostly outside the coastal zone. There is no question that of the 129.8 acres transferred, at least 106 acres are outside of the coastal zone.[3] We must therefore determine whether such a hybrid transfer is constitutional under article XIX, section 9 of the Constitution which limits qualifying properties to those "in the coastal zone."

Because Assembly Bill No. 434's constitutionality is at issue, we must attempt to harmonize its provisions with the purpose and effect of article XIX, section 9 of the Constitution. (*Department of Corrections v. Workers'*

---

[3] All the parties to this appeal, with the exception of the DOT, accept this premise based on the current definition of the coastal zone found in Public Resource Code section 30103. Despite the statutory definition, the DOT, in its brief, argues that all of Hatton Canyon is within the coastal zone. Because we determine that Assembly Bill No. 434 is constitutional even if only part of the Hatton Canyon property is within the coastal zone, we need not determine whether Hatton Canyon is actually entirely within the coastal zone as the DOT asserts.

*Comp. Appeals Bd.* (1979) 23 Cal.3d 197, 207 [152 Cal.Rptr. 345, 589 P.2d 853].) ■ Legislation is presumptively constitutional and all doubts should be resolved in favor of its validity particularly where it is susceptible of reasonable interpretations consistent with constitutional provisions. (*Kizziah v. Department of Transportation* (1981) 121 Cal.App.3d 11, 18 [175 Cal.Rptr. 112].)

■ To determine whether Assembly Bill No. 434 is so susceptible, we must examine its words and ascertain the underlying legislative intent so as to effectuate its purpose, and we must adopt a construction that gives effect to all of its provisions whenever possible. (Code Civ. Proc. § 1859; *People v. Cruz* (1996) 13 Cal.4th 764, 774–775 [55 Cal.Rptr.2d 117, 919 P.2d 731]; *Parris v. Zolin* (1996) 12 Cal.4th 839, 845 [50 Cal.Rptr.2d 109, 911 P.2d 9].) ■ We are also bound to interpret Assembly Bill No. 434 in a manner that will promote, rather than defeat, the policy and objectives this legislation is intended to serve. (*Jackson v. City of San Diego* (1981) 121 Cal.App.3d 579, 587 [175 Cal.Rptr. 395].)

Because the interpretation of statutory or constitutional language is a question of law, we review the question of whether Assem. Bill No. 434 is constitutional de novo, independent of the trial court's ruling or reasoning. (*Redevelopment Agency v. County of Los Angeles* (1999) 75 Cal.App.4th 68, 74 [89 Cal.Rptr.2d 10].) For the reasons discussed herein, we determine that the relevant statutes and the Constitution reveal a legislative intent to elevate the creation of state parks in California's coastal zone above the protection of the highway trust fund. We conclude that because Assembly Bill No. 434 is entirely consistent with this enunciated public policy, the Legislature's determination that Hatton Canyon is "within the coastal zone" is binding. (Assem. Bill No. 434, § 2, subd. (a)(2).)

*The Public Policy Considerations Underlying Article XIX, Section 9 and Assembly Bill No. 434 are Consistent*

Since 1938 there has been a constitutional prohibition in article XXVI of the California Constitution against the sale for less than market value of DOT properties acquired with tax fund revenues. The clear purpose of this provision is to protect the highway trust funds. Article XIX, section 9 of the California Constitution provides for an exception to this rule where the property is in the coastal zone and is sold for park purposes.

The strong public policy underlying this constitutional exception is expressed in the California Coastal Act. (Pub. Resources Code, § 30000 et seq.) The California Coastal Act recognizes that the permanent protection of the state's natural and scenic resources "is a paramount concern to present and

future residents of the state and the nation," and the state exercises its powers to "protect the ecological balance of the coastal zone and prevent its deterioration and destruction." (*Id.*, § 30001.) The state also seeks to enhance the "overall quality of the coastal zone environment" and "[m]aximize public access to and along the coast." (*Id.*, § 30001.5.)

Public policy declarations made by the Legislature in the California Park and Recreational Facilities Act of 1984 provide further evidence of the importance of the public policy to provide and encourage recreational opportunities for its citizens. ■ This act seeks to preserve, protect and where possible restore coastal resources and make them available for enjoyment for present and future generations. It also declares that it is in the public interest of the state to acquire, develop or restore areas for recreation, conservation, and preservation. (Pub. Resources Code, § 5096.226; see generally *id.*, § 5096.225 et seq.)

In enacting Assembly Bill No. 434, the Legislature concluded that the Hatton Canyon is located within the coastal zone for the purposes of compliance with article XIX, section 9 of the Constitution (Assem. Bill No. 434, § 2, subd. (e)), describing the land as "a scenic and environmentally sensitive area, comprised of undeveloped land . . . significant coastal habitats and recreation areas, as well as diverse wildlife." (Assem. Bill No. 434, § 2, subd. (a)(1).) The Legislature found it to be "fitting and proper, and in furtherance of the public interest," that the land be sold to Parks "for the purpose of creating or adding to a state park." (Assem. Bill No. 434, § 2, subd. (a)(2).) The Legislature's objective, to protect the coastal habitat of Hatton Canyon by transferring the land to Parks, was entirely consistent with the strong public policy protected by article XIX, section 9 of the California Constitution.

*The Legislature's Interpretation of the Constitutional Provision is Binding*

Even though the policy objectives behind Assembly Bill No. 434 and article XIX, section 9 of the California Constitution are identical, appellants contend that the clear meaning of the constitution only allows transfers of land directly in the coastal zone, not partially in the coastal zone.

California Constitution article XIX, section 9's phrase "in the coastal zone" is susceptible to two interpretations. First it could mean at least partially within the zone, as respondents contend. Or, it could mean entirely within the zone, as appellants contend. ■ It is well settled that where a constitutional provision is susceptible of two meanings and the Legislature has chosen one, it is controlling. (*Kaiser v. Hopkins* (1936) 6 Cal.2d 537, 540 [58 P.2d 1278].) By declaring Hatton Canyon to be "within the coastal zone" as "subject to

Section 9 of Article XIX" (Assem. Bill 434, § 2, subd. (a)(2)), the Legislature chose to adopt a definition of "in the coastal zone," as it appears in article XIX, section 9 of the California Constitution, which encompasses properties only *partially* in the coastal zone.

We are bound by this determination unless it is absurd, against all common sense or is positively and certainly opposed to the Constitution. (*Kaiser v. Hopkins, supra,* 6 Cal.2d at p. 540; *San Francisco v. Industrial Acci. Com.* (1920) 183 Cal. 273, 279 [191 P. 26].) At least one Court of Appeal, in determining whether the word " 'within' " meant wholly inside or only partially inside, determined that common sense dictated that the word "within" includes something partially in the zone. (Cf. *People v. Mejia* (1999) 72 Cal.App.4th 1269, 1272 [85 Cal.Rptr.2d 690] [interpreting applicability of criminal statute which prohibited guns within a distance of 1000 feet of a school where gun found in a car only partly parked within 1000 feet].) The court found that only such an interpretation was consistent with legislative intent, although a different interpretation was also possible. (*Ibid.*)

Applying the same reasoning here, the legislative intent of protecting coastal properties for the public good is actually better served by this more expansive interpretation of the term "in the coastal zone." Such an interpretation is also entirely consistent with the constitutional objective of elevating the protection of the coastal zone above the protection of the state's highway trust fund. Therefore, we cannot say that the Legislature's pronouncement was "opposed to the [C]onstitution." (*Kaiser v. Hopkins, supra,* 6 Cal.2d at p. 540.)

We find Assembly Bill No. 434 constitutional, valid and enforceable. The trial court did not err in granting the motion for summary judgment.

## DISPOSITION

The judgment is affirmed.

Premo, J., and Elia, J., concurred.

Appellant's petition for review by the Supreme Court was denied January 28, 2004. George, C. J., did not participate therein.